UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                              :

UNITED STATES OF AMERICA                :    **STIPULATED**

        - v. -                                     **PROTECTIVE ORDER**

                                              :

ZACHARY CLARK,                            20 Cr. 76 (NRB)
    a/k/a "Umar Kabir,"                  :
    a/k/a "Umar Shishani,"
    a/k/a "Abu Talha,"                    :

                  Defendant.  :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

NAOMI REICE BUCHWALD, District Judge:

WHEREAS ZACHARY CLARK, a/k/a "Umar Kabir, "a/k/a "Umar Shishani," a/k/a "Abu Talha," the defendant, has sought from the Government access to certain materials that are discoverable pursuant to Rule 16 of the Federal Rules of Criminal Procedure ("Rule 16"), which, if disseminated to third parties, could, among other things, implicate the safety of others and impede ongoing investigations (the "Protected Materials");

WHEREAS, the Government desires to protect the safety of others and ongoing investigations disclosed in the Protected Materials; and

WHEREAS, in the interest of expediting the discovery process, ZACHARY CLARK, a/k/a "Umar Kabir, "a/k/a "Umar Shishani," a/k/a "Abu Talha," the defendant, by his attorney, Jonathan Marvinny, Esq., consent to the entry of this Order;

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. The Protected Materials shall be used by the defendant, his counsel, and his counsel's agents only for purposes of defending the charges, in connection with sentencing, and pursuing any appeals in this criminal action. To the extent the Protected Materials are shown to

additional persons consistent with the terms set forth below, those additional persons may use the Protected Materials only in connection with this criminal action.

2. The Government shall identify to defense counsel all items that are to be afforded protected status as Protected Materials pursuant to this Protective Order.

3. The Protected Materials and the information and identities contained or disclosed therein:

(a) Shall be used by the defendant or his counsel only for purposes of this action;

(b) Shall not be disclosed in any form by the defendant or his counsel except as set forth in paragraph 3(c) below;

(c) May be disclosed only by the defendant's counsel and only to the following persons (hereinafter "Designated Persons"):

(i) associate counsel or investigative, secretarial, clerical, paralegal and student personnel employed full-time or part-time by the defendant's attorneys;

(ii) independent expert witnesses, investigators, or advisors retained by the defendant in connection with this action; and

(iii) such other persons as hereafter may be authorized by the Court upon such motion by the defendant; and

(d) Shall be returned to the Government following the conclusion of this case.

4. The defendant and his counsel shall provide a copy of this Protective Order to Designated Persons to whom the Protected Materials are disclosed pursuant to paragraphs

3(c)(i), (ii) and (iii). Designated Persons shall be subject to the terms of this Order.

5. Nothing in this Order shall preclude the Government from seeking a further protective order pursuant to Section 3 of the Classified Information Procedures Act, 18 U.S.C. App. 3 § 3, to protect against disclosure in this case of any classified information disclosed by the Government.

6. The provisions of this Order shall not be construed as preventing the disclosure of any information in any motion, hearing, trial, or sentencing proceeding held in this action or to any judge or magistrate of this Court in connection with the above-captioned matter.

AGREED AND CONSENTED TO:

_____
Jonathan Marvinny, Esq.
Attorney for the defendant

2/3/20
Date

_____
ZACHARY CLARK

2/3/20
Date

SO ORDERED:

_____
HONORABLE NAOMI REICE BUCHWALD
United States District Judge
Southern District of New York

2/3/20
Date

3