

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

February 3, 2020

**BY ECF**

The Honorable Naomi Reice Buchwald
United States District Judge
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007

> Re:    *United States v. Zachary Clark*, 20 Cr. 76 (NRB)

Dear Judge Buchwald:

The Government respectfully submits this letter to provide an overview of the governing procedures under the Classified Information Procedures Act ("CIPA"), 18 U.S.C. app. 3. This letter provides a summary of (1) CIPA's statutory framework as it pertains to pretrial filings, and (2) the type of CIPA motion that the Government expects to file in this case.

In addition, as set forth below, the Government respectfully requests that the Court schedule an *ex parte* Section 2 conference in this matter. Section 2 and other provisions of CIPA, and the applicable legal standards, are discussed in further detail below.

## Overview of the CIPA Statutory Framework

CIPA governs the discovery of classified information in federal criminal cases. *See United States v. Abu-Jihaad*, 630 F.3d 102, 140-41 (2d Cir. 2010). Congress enacted CIPA to enable the Government to fulfill its duty to protect national security information, while simultaneously complying with its discovery obligations in federal criminal prosecutions. *See* S. Rep. No. 96-823, 96th Cong., 2d Sess., at 3 (1980), *reprinted in* 1980 U.S.C.C.A.N. 4294, 4296; *see also United States v. Pappas*, 94 F.3d 795, 799 (2d Cir. 1996) (stating that CIPA's fundamental purpose is to "'harmonize a defendant's right to obtain and present exculpatory material upon his trial and the government's right to protect classified material in the national interest.'" (quoting *United States v. Wilson*, 571 F. Supp. 1422, 1426 (S.D.N.Y. 1983)); *see also, e.g.*, *United States v. Apperson*, 441 F.3d 1162, 1193 n.8 (10th Cir. 2006) (noting that CIPA "evidence[s] Congress's intent to prevent classified information from unnecessary disclosure at any stage of a criminal trial," while simultaneously ensuring that a defendant's right to present a defense is not compromised).

CIPA does not alter the defendant's substantive rights or the Government's discovery obligations. *See United States v. Anderson*, 872 F.2d 1508, 1514 (11th Cir. 1989) (collecting cases). Rather, CIPA creates a procedural framework that permits the Court to rule, before trial, on questions related to classified materials. This framework helps to prevent unnecessary or inadvertent disclosure of classified information, and allows the Government to assess the national

security "costs" associated with pursuing a certain course in its criminal prosecution.  *See, e.g.*, *Anderson*, 872 F.2d at 1514; *United States v. Collins*, 720 F.2d 1195, 1197 (11th Cir. 1983); *United States v. Lopez-Lima*, 738 F. Supp. 1404, 1407 (S.D. Fla. 1990).

An overview of certain relevant CIPA provisions follows:

## Section 2: Pretrial Conference

Section 2 of CIPA provides that the Court may hold a conference at any time after an indictment has been filed to consider matters relating to classified information.  *See* 18 U.S.C. app. 3 § 2.

The Government respectfully requests that the Court schedule an *ex parte* Section 2 conference so that the Government may provide the Court with context regarding the CIPA Section 4 motion that the Government expects to file in this case.  The Government has conferred with Daniel Hartenstine, the Classified Information Security Officer assigned to this District.  Mr. Hartenstine has requested that the Section 2 conference be scheduled at 3:00 p.m. or later on any day that the Court is available.  If the Court is unavailable after 3:00 p.m., the Government respectfully requests that the Court schedule the Section 2 conference at any time convenient to the Court.

## Section 3: General Protective Order

Section 3 of CIPA provides for an appropriate protective order to be entered to protect against the unauthorized dissemination of classified information disclosed to the defense in connection with the prosecution.  *See* 18 U.S.C. app. 3 § 3.  The Government does not, at this time, anticipate disclosing classified information to the defense in connection with this prosecution.

## Section 4: Protective Orders Denying or Restricting Discovery of Certain Classified Information upon Motion by the Government

Section 4 of CIPA outlines the procedures to be followed when the Government seeks to limit the information it is providing to the defense in the context of the discovery process.  Among its provisions, CIPA authorizes a court to deny or modify discovery of classified information that ordinarily would be produced pursuant to Federal Rule of Criminal Procedure 16 or otherwise.  Specifically, Section 4 of CIPA provides that "upon a sufficient showing," a court may "authorize the United States to delete specified items of classified information from [discovery], . . . to substitute a summary of the information for such classified documents, or to substitute a statement admitting relevant facts that the classified information would tend to prove."  18 *id.* § 4.  This provision "clarifies district courts' powers under Rule 16(d)(1) to issue protective orders denying or restricting discovery for good cause, which includes information vital to the national security." *United States v. Stewart*, 590 F.3d 93, 130 (2d Cir. 2009) (internal quotation marks omitted); *see also* Fed. R. Crim. P. 16(d)(1) (district courts may "for good cause, deny . . . discovery or inspection, or grant other appropriate relief").

The Second Circuit has explained that, in analyzing a Section 4 motion, a district court should engage in a three-stage analysis.  *See United States v. Aref*, 533 F.3d 72, 78 (2d Cir. 2008).  First, the Court must determine whether the classified information at issue is discoverable.  *See id.*

at 80.  Second, the Court should assess whether the Government has properly invoked the need to protect against the disclosure of classified information, which the Second Circuit has determined is sourced in the common-law privilege against the disclosure of state secrets.  *See id.* at 78.  In *Aref*, the Second Circuit explained that the state secrets "privilege 'allows the government to withhold information from discovery when disclosure would be inimical to national security.'"  *Id.* at 78-79 (quoting *Zuckerbraum v. Gen. Dynamics Corp.*, 935 F.2d 544, 546 (2d Cir. 1991)).  That privilege, the *Aref* court observed, can be invoked by only the "head of the department which has control over the matter, after actual personal consideration by that officer."  *Id.* at 80 (internal quotation marks omitted).  As a consequence, in cases in this Circuit, such as this one, involving the equities of the Department of Justice in classified information, the Attorney General must personally assert any such claim of privilege, typically in the form of a declaration.

The third stage in the above-described analysis is the Court's determination of whether, if it has been invoked, the Government's common-law privilege must give way.  *See id.*  This includes consideration of whether the classified material that the Government proposes to delete from discovery (or to produce in summary form) is both "relevant and helpful" to the defense.  *See id.* at 79-80.  The "relevant and helpful" standard was first articulated by the Supreme Court in *United States v. Roviaro*, 353 U.S. 53 (1957), a case that concerned the privilege that permits the Government, in certain circumstances, to withhold the identity of its informants.

CIPA expressly authorizes Section 4 filings to be made *ex parte*, *in camera*, which the Government proposes to do here.  *See* 18 U.S.C. app. 3 § 4 ("The court may permit the United States to make a [Section 4] request . . . in the form of a written statement to be inspected by the court alone.").  Congress viewed the *ex parte* nature of a Section 4 proceeding as important.  As the record of the House of Representatives put it, "since the government is seeking to withhold classified information from the defendant, an adversary hearing with defense knowledge would defeat the very purpose of the discovery rules."  H.R. Rep. No. 96-831, pt. 1, at 27 n.22 (1980); *see also* Fed. R. Crim. P. 16 Advisory Committee Notes, 1966 Amendments, Subdivision (e) ("[I]t would defeat the purpose of the protective order if the government were required to make its showing in open court.  The problem arises in its most extreme form where matters of national security are involved.").[1]

Proceeding *ex parte* and *in camera* makes sense in light of CIPA's purpose.  First, the Government makes a motion pursuant to Section 4 to delete or summarize certain materials so that it will not need to reveal those materials.  If the Government's motion to delete or summarize were not reviewed *in camera* and *ex parte*, the motion practice would itself reveal the very information—and commonly, the sensitive technique or techniques used to obtain that information—that the Government seeks ultimately to shield in the interest of national security.  *See, e.g.*, *Aref*, 533 F.3d at 81 ("When the government is seeking to withhold classified information from the defendant, an adversary hearing with defense knowledge would defeat the very purpose of the discovery rules." (internal quotation marks omitted)); *United States v. Campa*, 529 F.3d 980, 995 (11th Cir. 2008) ("The right that section four confers on the government would be illusory if defense counsel were allowed to participate in section four proceedings because defense counsel

---

[1] Similarly, Rule 16(d)(l) contemplates the same procedure, stating:  "At any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief.  The court may permit a party to show good cause by a written statement that the court will inspect *ex parte*."  Fed. R. Crim. P. 16(d)(1).

would be able to see the information that the government asks the district court to keep from defense counsel's view."); *United States v. Klimavicius-Viloria*, 144 F.3d 1249, 1261 (9th Cir. 1998) ("The legislative history of [CIPA] explains that because the government is seeking to withhold classified information from the defendant, an adversary hearing with defense knowledge would defeat the very purpose of the discovery rule.").

In accordance with the foregoing principles, courts in this Circuit and elsewhere routinely permit the Government to make Section 4 filings *ex parte* and *in camera. See, e.g.*, *United States v. El Gammal*, No. 15 Cr. 588 (ER) (S.D.N.Y. Jan. 3, 2017); *United States v. Alimehmeti*, 16 Cr. 398 (PAE) (S.D.N.Y. Mar. 9. 2017); *United States v. Seng*, No. 15 Cr. 706 (VSB) (S.D.N.Y. Sept. 12, 2016); *United States v. Jones*, No. 16 Cr. 019 (PGG) (S.D.N.Y. Aug. 16, 2016); Memorandum and Order, *United States v. Pham*, No. 12 Cr. 423 (AJN) (S.D.N.Y. Nov. 11, 2015) (Dkt. No. 61); Memorandum and Order, *United States v. al Liby*, No. S10 98 Cr. 1023 (LAK) (S.D.N.Y. July 16, 2014) (Dkt. No. 1651); Memorandum Decision and Order, *United States v. Mostafa*, No. 04 Cr. 356 (KBF) (S.D.N.Y. Jan. 17, 2014) (Dkt. No. 233); Order, *United States v. Abu Gayth*, No. S13 98 Cr. 1023 (LAK) (S.D.N.Y. Aug. 19, 2013) (Dkt. No. 1285); Order, *United States v. al Fawwaz*, No. S7 98 Cr. 1023 (LAK) (S.D.N.Y. Aug. 19, 2013) (Dkt. No. 1284); Opinion and Order, *United States v. El-Hanafi*, No. S5 10 Cr. 162 (KMW) (S.D.N.Y. Feb. 24, 2012) (Dkt. No. 94); Order, *United States v. Ghailani*, No. S10 98 Cr. 1023 (LAK); (S.D.N.Y. Sept. 11, 2009) (Dkt. No. 782); Order, *United States v. Kassir*, No. S2 04 Cr. 356 (JFK) (S.D.N.Y. Jan. 26, 2009) (Dkt. No. 57); Order, *United States v. Ashe*, No. 15 Cr. 706 (VSB) (S.D.N.Y. Sept. 14, 2016); *see also Abu-Jihaad*, 630 F.3d at 143 (rejecting argument that Government's *ex parte* and *in camera* submissions were improper (citing *Aref*, 533 F.3d at 81)).

<u>Section 5: Notice from the Defendant</u>

Pursuant to Section 5 of CIPA, a defendant who reasonably expects to disclose (or cause the disclosure of) classified information at any stage of a prosecution is required to file notice of such intention. *See* 18 U.S.C. app. 3 § 5(a). Such information might include classified information that the defense has learned through the discovery process, or classified information that is known to the defendant himself. The Section 5 notice must "include a brief description of the classified information," *id.*, and "must be particularized, setting forth specifically the classified information which the defendant reasonably believes to be necessary to his defense," *Collins*, 720 F.2d at 1199.

If the defendant fails to provide a sufficiently detailed notice sufficiently in advance of trial to permit the implementation of CIPA procedures, Section 5(b) provides for preclusion. *See United States v. Badia*, 827 F.2d 1458, 1465 (11th Cir. 1987). Similarly, if the defense attempts to disclose at trial classified information which is not described in their Section 5(a) notice, preclusion is the appropriate remedy. *See United States v. Smith*, 780 F.2d 1102, 1105 (4th Cir. 1985) ("A defendant is forbidden from disclosing any such information absent the giving of notice.").

As noted above, the Government does not expect to disclose classified information to the defense in connection with this matter.

Hon. Naomi Reice Buchwald                                             Page 5
February 3, 2020

<u>Section 6: Hearings and Substitutions</u>

When the defense gives Section 5 notice of intention to disclose (or cause the disclosure of) classified information, the Government may ask the Court to conduct a hearing to make determinations as to the use, relevance, or admissibility of the classified information at trial or a pretrial proceeding.  18 U.S.C. app. § 6(a).  Section 6 also requires that the Court hold any such hearing *in camera* "if the Attorney General certifies to the Court in such petition that a public proceeding may result in the disclosure of classified information."  *Id.*  At the hearing, the defense proffers why the classified information that they seek to disclose is relevant, while the Government is given an opportunity to challenge the request on various grounds—including, for example, the materiality and admissibility of the proposed information.  *See, e.g.*, *United States v. Cardoen*, 898 F. Supp. 1563, 1581 (S.D. Fla. 1995); *United States v. Rezaq*, 899 F. Supp. 697, 704 (D.D.C. 1995).

If the Court grants a defendant's request to disclose classified information, the Government may then seek Court approval for alternative means of disclosure—including an unclassified statement admitting the facts contained in the classified materials, or an unclassified summary of the facts contained in the classified materials.  *See* 18 U.S.C. app. 3 § 6(c)(l).  CIPA directs that the Court shall grant such an application from the Government if the Court "finds that the statement or summary will provide the defendant with substantially the same ability to make his defense as would disclosure of the specific classified information."  *Id.*

Ultimately, if the classified information cannot be disclosed in a manner that provides the "defendant with substantially the same ability to make his defense" as would disclosure of the classified information, 18 U.S.C. app. 3 § 6(c), and the Government is unwilling to disclose such information, then the Court may take appropriate action, including making a finding against the Government on any issue as to which the classified information is probative, striking testimony, barring the use of certain testimony or even dismissing the indictment.  18 U.S.C. app. 3 § 6(e).

<u>The Government's Section 4 Motion</u>

For the reasons set out above, and in line with the uniform practice of courts in this District, the Government requests to file its Section 4 motion on an *ex parte* basis, and for the Court to review that motion *in camera* and maintain it under seal.

Hon. Naomi Reice Buchwald                                                      Page 6
February 3, 2020

       The Government hopes to have an opportunity to address any questions the Court may have about the anticipated scope or substance of the Government's Section 4 motion at an *ex parte* Section 2.


                              Respectfully submitted,

                              GEOFFREY S. BERMAN
                              United States Attorney


             By:      /s/_____
                     Gillian Grossman/Matthew Hellman
                     Assistant United States Attorneys
                     (212) 637-2188 / 2278


cc: Jonathan Marvinny, Esq. (by ECF)