**Federal Defenders**
OF NEW YORK, INC.

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

David E. Patton
*Executive Director*

Southern District of New York
Jennifer L. Brown
*Attorney-in-Charge*

May 6, 2021

By ECF

Honorable Naomi Reice Buchwald
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

**Re:  United States v. Zachary Clark, 20 Cr. 76 (NRB)**

Dear Judge Buchwald:

This letter is submitted in reply to the Government's May 5, 2021 sentencing memorandum ("Gov't Mem.") to correct what appears to be the Government's misreading of important components of Dr. Katsavdakis's report, which concluded that Mr. Clark poses a low risk of terrorist violence.

The Government discounts Dr. Katsavdakis's conclusion in part because, according to the Government, Mr. Clark minimized his offense when speaking with him. *See* Gov't Mem. at 35 ("Clark made numerous statements [to Dr. Katsavdakis] which grossly minimize his behavior during the commission of the offense and suggest he does not consider his conduct to have been serious."). The Government cites these examples: "For example, although he had already pleaded guilty to providing material support to ISIS, Clark dismissively described charges in this case as 'trumped up.' … Clark even went so far as to 'den[y] disseminating bomb making material.'" *Id.* at 35–36 (citations omitted) (alteration in original). These statements, the Government claims, are "alarming and [are] among many indicators of his failure to fully accept responsibility in this case." *Id.* at 36. Indeed, the Government goes so far as to say that "this Court should reject the report's conclusions for the report's failure to reckon with Clark's misstatements and minimizations." *Id.* at 37.

But the Government has misread the report. In the section in question, Dr. Katsavdakis makes clear that he is recounting statements Mr. Clark made *during his videorecorded interview with the FBI* on the day of his arrest on November 27, 2019, *not* during his evaluation with Dr.

| | |
|---|---|
| Honorable Naomi Reice Buchwald | May 6, 2021 |
| United States District Judge | Page 2 of 2 |

Re:  United States v. Zachary Clark
    20 Cr. 76 (NRB)

Katsavdakis many months later. Indeed, the paragraph containing those statements begins, "Based on the review of the FBI Video Interrogation (11/27/19; 3:55 a.m.) . . . ." Katsavdakis Rep. at 4. And, as the Government is aware, Mr. Clark in fact made those statements during his post-arrest interview—which, it should be noted, he gave while visibly high and while slurring his speech.

When speaking with Dr. Katsavdakis, Mr. Clark did not minimize his offense in the way the Government suggests. And, perhaps more importantly, Dr. Katsavdakis was fully aware of the scope of Mr. Clark's conduct when he wrote his report. He did not rely on Mr. Clark's version of events alone, and instead reviewed voluminous materials, including the Government's detailed, 25-page complaint and large portions of the discovery (what Dr. Katsavdakis refers to as "FBI Case Material"). Thus, the factual recitation of Mr. Clark's offense is lengthy and comprehensive, *see id.* at 2–5, and Dr. Katsavdakis had a fulsome understanding of it when reaching his conclusion that Mr. Clark poses a low risk of violence.

Notably, while dismissing the report based on its faulty reading, the Government does not address at all Dr. Katsavdakis's conclusions that Mr. Clark's grave mental health issues and extreme substance abuse history, rather than a commitment to violent ideology, were the significant contributors to his offense conduct. *See, e.g.*, *id.* at 13 ("Mr. Clark's radicalization is best conceptualized via the lens of his chronic, persistent, and escalating drug use, impulsivity, racing thoughts and lack of inhibitory controls rather than predatory attempts to engage in an extremist religious war against the U.S."). This is unfortunate, for Dr. Katsavdakis is a well-respected threat assessment expert most frequently retained by the Government, and his report here is well-sourced and comprehensive. Contrary to the Government's suggestion, this Court should afford it substantial consideration.

Sincerely,

/s/ Jonathan Marvinny
Jonathan Marvinny
Assistant Federal Defender
212.417.8792
jonathan_marvinny@fd.org